UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PROVECTUS BIOPHARMACEUTICALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cv-222-TRM-HBG |
| ) | |
| HARRY CRAIG DEES, and VIRGINIA L. ) | |
| GODFREY, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Plaintiff's Motion for Deposition by Telephone [Doc. 47]. The Plaintiff requests that the Court allow it to take telephonic depositions in preparation of the default judgment damages hearing against Defendant Harry Dees, which is currently set for April 26, 2017. Specifically, the Plaintiff requests that it be permitted to take the depositions of Susan Abbey, Larry Soldinger, and "other telephonic depositions that may become necessary and proper." [Doc. 47 at 1]. The Plaintiff states that it anticipates introducing the depositions at the damages hearing since all such witnesses are located than one hundred miles from the place of the hearing and may be considered unavailable pursuant to Rule 34(a)(4)(B). Further, the Plaintiff submits that taking these depositions remotely will save the parties substantial time and expense.

Federal Rule of Civil Procedure 30(b)(4) states, "The parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the

deponent answers the questions."  Accordingly, because the deponents are located in different cities and the damages hearing is approximately three weeks away, the Court **GRANTS IN PART** Plaintiff's Motion for Deposition by Telephone [**Doc. 47**].  The Court will not, however, grant Plaintiff's blanket request for "other telephonic depositions that may become necessary and proper."

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge